# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

THE TRAVELERS INDEMNITY )
COMPANY OF CONNECTICUT, )
)
        Plaintiff, )
)   Case No. CIV-23-420-F
-vs- )
)
LLOYD BROOK, )
)
        Defendant. )

## ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. *See*, Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has jurisdiction over this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a). *See*, doc. no. 1, ¶ 5. Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The complaint alleges that defendant Lloyd Brook "is an individual who currently resides in Oklahoma County, State of Oklahoma which is located within the Western District of Oklahoma." *See*, doc. no. 1, ¶ 2. For purposes of § 1332, citizenship and residence are two entirely distinct concepts. A natural person is a citizen of the state in which he is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, a litigant may be an individual who resides in one place but is domiciled in another place. For

adults, domicile is established by physical presence in a place, coupled with an intent to remain there.  <u>Mississippi Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989).

Accordingly, the court **DIRECTS** plaintiff, The Travelers Indemnity Company of Connecticut, the party invoking diversity jurisdiction, to file an amended complaint which supplies the missing jurisdictional information regarding the state of citizenship for defendant Lloyd Brook.[1]  The amended complaint shall be filed no later than 14 days from the date of this order.  The missing jurisdictional information may be alleged based on plaintiff's information and belief.  Failure to comply with the court's directive may result in an order which is just, including the dismissal of plaintiff's complaint and action without prejudice.

IT IS SO ORDERED this 15th day of May, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0420p001.docx

---

[1]   Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.